**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CHAMBERS OF**<br>**CATHY L. WALDOR**<br>**UNITED STATES MAGISTRATE JUDGE** | MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST.<br>NEWARK, NJ 07101<br>973-776-7862 |

April 3, 2012

**LETTER OPINION AND ORDER**

Re:   **Suresh Jinwala v. Solaris Health Systems, Inc., et al.**
      **Civil Action No. 11-4005 (ES-CLW)**

Dear Parties:

Before the Court is plaintiff Suresh Jinwala's ("Plaintiff") motion for leave to file a motion to amend the Second Amended Complaint pursuant to Fed. R. Civ. P. 15(a). (Docket Entry No. 11, "Motion to Amend"). The Court addresses the matter without oral argument. Fed. R. Civ. P. 78. For the reasons that follow, Plaintiff's Motion to Amend is **granted in part and denied without prejudice in part**.

**Background**

Plaintiff submitted an initial complaint on April 19, 2011 (the "Complaint") in the Superior Court of New Jersey, Hudson County, Law Division alleging numerous counts arising from Defendants Solaris Health Systems, Inc., JFK Medical Center, the Community Hospital Group, Inc., Crothall Healthcare, Inc., Compass Group, PLLC, Donald Toole, James Roman, and Joshua Carter's (collectively, "Defendants") termination of Plaintiff's employment. (Docket Entry No. 13, Ex. A). Plaintiff amended the initial complaint on May 12, 2011 ("Amended Complaint"). (Id., Ex. B). On June 6, 2011, Defendants Solaris Health Systems, Inc., JFK Medical Center, and the Community Hospital Group, Inc. (the "JFK Defendants") answered Plaintiff's Amended Complaint. (Id., Ex. C). On July 7, 2011, Plaintiff filed his second amended complaint ("Second Amended Complaint"). (Id., Ex. D).

On July 12, 2011, Defendants removed this action to this Court. (Docket Entry No. 1). On August 30, 2011, the JFK Defendants answered Plaintiff's Second Amended Complaint. (Docket Entry No. 7). On September 8, 2011, this Court entered a Pretrial Scheduling Order. (Docket Entry No. 8). Pursuant to said Order, any motions to amend the pleadings were returnable no later than December 15, 2011. (Id.) On December 23, 2011, Plaintiff, by letter, requested to amend his Second Amended Complaint to correct the names of Defendant Solaris Health Systems, Inc. and Defendant Donald Toole in the caption and to add a request for reinstatement to the Second

Amended Complaint's prayer for relief.  On December 28, 2011, the Court granted Plaintiff's request.  (Docket Entry No. 10).  In so doing, the Court acknowledged Plaintiff's tardiness but expressed its preference for deciding motions on the merits, particularly, as here, when the pending matter is in its early stages.  (Id.)

On January 3, 2012, Plaintiff filed the instant Motion to Amend.  (Docket Entry No. 11).  On January 23, 2012, the JFK Defendants filed a brief in opposition.  (Docket Entry No. 13, "Defs.' Opp. Br.").  The Court has reviewed the submissions and relevant evidence and is prepared to rule.

**Discussion**

A party may amend his pleading once as a matter of course at any time before a responsive pleading is served.  Fed. R. Civ. P. 15(a).  This provision does not apply because Plaintiff has already amended the complaint twice.  Accordingly, Plaintiff may amend the Second Amended Complaint only if Plaintiff has written consent of his adversaries or by leave of Court.  Fed. R. Civ. P. 15(a).  Leave to amend under Fed. R. Civ. P. 15(a) is within the discretion of the District Court and is to be freely given.  Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); Fed. R. Civ. P. 15(a)(2).  However, leave to amend may be denied if it is apparent from the record that "(1) the moving party has demonstrated undue delay, bad faith or dilatory motives; (2) the amendment would be futile; or (3) the amendment would prejudice the other party."  See, e.g., Hill v. City of Scranton, 411 F.3d 118, 134 (3d Cir. 2005); Jablonski v. Pan American World Airways, Inc., 863 F.2d 289, 292 (3d Cir. 1988).

First, Plaintiff's Second Amended Complaint seeks to correct Defendant Solaris Health Systems, Inc.'s name to reflect its change to JFK Health System, Inc. (Motion to Amend at 3). Additionally, Plaintiff seeks to amend to correct the name of Defendant Donald Toole to Donald O' Toole.  (Id.).  Defendants do not oppose these changes.  Accordingly, Plaintiff's request to change the names of certain defendants and correct those names in the caption is granted.

However, the Court must deny Plaintiff's request to add reinstatement to the prayer for relief because Plaintiff fails to set forth any justification for not previously seeking the addition of said amendment in either the Complaint or the Amended Complaint.  With regard to undue delay, the Court of Appeals for the Third Circuit has stated:

> [t]he passage of time, without more, does not require that a motion to amend a complaint be denied; however, at some point, the delay will become "undue," placing an unwarranted burden on the court . . . . The question of undue delay . . . requires that we focus on the plaintiffs' motives for not amending their complaint to assert this claim earlier . . . .

Adams v. Gould, Inc., 739 F.2d 858, 868 (3d Cir. 1984) (internal citations and quotation marks omitted); see also Cuerton v. NCAA, 252 F.3d 267, 273 (3d Cir. 2001) (stating that "the question of undue delay requires that we focus on the movant's reasons for not amending sooner.").

The party seeking amendment has the burden of explaining the justification for the delay. Estate of Grier ex re. Grier v. Univ. of Pennsylvania Health Sys., No. 07-4224, 2009 WL 1652168 (E.D.Pa. Jun. 11, 2009).  See also Katzenmoyer v. City of Reading, 158 F.Supp. 2d 491, 497 (E.D.Pa. 2001) ("An applicant seeking leave to amend a pleading has the burden of showing that justice requires the amendment."); Freedom Int'l Trucks, Inc. of N.J. v. Eagle Enters., Inc., 182 F.R.D. 172, 175 (E.D.Pa. 1998).  Moreover, "[a] court may deny a motion to amend based on undue delay when the movant is unable to 'satisfactorily explain' the reasons for delay." Fishbein Family P'ship v. PPG Indus. Inc., 871 F.Supp. 764, 768 (D.N.J. 1994) (citing Leased Optical Departments v. Opti-Center, Inc., 120 F.R.D. 476, 478 (D.N.J. 1988)).

Here, Plaintiff's brief in support of its Motion to Amend does not explain - let alone "satisfactorily" - the reasons why Plaintiff failed to previously add reinstatement to its prayer for relief.  Fishbein Family P'ship, 871 F.Supp. at 768.  To that end, the JFK Defendants correctly point out that "Plaintiff Jinwala . . . does not even attempt to justify or excuse his tardiness in seeking to amend his Second Amended Complaint." (Defs.' Opp. Br. at 11).  At this juncture, the Court finds that it cannot allow amendment of the prayer for relief without considering Plaintiff's justifications for his delay in filing.  However, in the interests of justice and in light of the Third Circuit's liberal attitude toward amendment, Plaintiff's request is denied without prejudice.

For the reasons stated above,

**IT IS HEREBY ORDERED** that Plaintiff Suresh Jinwala's Motion to Amend (Docket Entry No. 11), be **GRANTED in part and DENIED without prejudice in part**. Plaintiff may file a new motion for leave to file a motion to amend the Second Amended Complaint that is fully consistent with this Court's ruling within fourteen (14) days of entry of this Court's opinion and order.  The Clerk of Court is instructed to terminate Docket Entry No. 11.

**SO ORDERED.**

*s/Cathy L. Waldor*
**Cathy L. Waldor, U.S.M.J.**